UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA SCHOOL EQUIPMENT COMPANY,<br><br>                Plaintiff,<br><br>v.<br><br>LAFAYETTE LIFE INSURANCE COMPANY, *et al*.<br><br>                Defendants. | Case No. 1:23-cv-01496-JLT-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULTS AGAINST DEFENDANTS PENSIONLABS INCORPORATED AND MICHAEL HOLMAN<br><br>(Doc. 18)<br><br>ORDER VACATING SCHEDULING CONFERENCE<br><br>**14-DAY DEADLINE** |

Pending before the Court is the motion of Defendants Pensionlabs Incorporated ("Pensionlabs") and Michael Holman ("Holman") to set aside the Clerk of Court's entry of defaults, filed on December 6, 2023. (Doc. 18). On December 26, 2023, Plaintiff Sierra School Equipment Company ("Plaintiff") filed an untimely opposition to Pensionlabs and Holman's motion. (Doc. 20).[1] On January 5, 2024, Pensionlabs and Holman filed a reply to Plaintiff's opposition. (Doc. 25).

---

[1] *See* E.D. Cal. L.R. 230(c) ("Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served no later than fourteen (14) days after the motion was filed.").

Having considered the moving papers, and the declarations and exhibits attached thereto, the Court shall GRANT Pensionlabs and Holman's motion to set aside clerk's entry of defaults.

**Background**

On June 20, 2023, Plaintiff Sierra School Equipment Company initiated this action against Defendants Lafayette Life Insurance Company ("Lafayette"), Pensionlabs, Holman, Probability Technology, Inc., and Charles B. Gramp (hereinafter collectively "Defendants") in Kern County Superior Court. (Doc. 1). Plaintiff raised the following claims against Defendants: (1) breach of contract, (2) negligence, (3) breach of the covenant of good faith and fair dealing, (4) negligent misrepresentation, and (5) unfair, unlawful, and fraudulent business practices violation of California's Business and Professions Code § 17200, *et. seq*. (Doc. 3).

Plaintiff's counsel David Jason Davis ("Mr. Davis") asserts that he represents other plaintiffs in a similar action against the same named defendants. (Doc. 20 at 2) (citing *Anthony Di Bernardo, et al. v. The Lafayette Life Insurance Company et al.*, No. 8:23-cv-01035-FWS-KES, (C.D. Cal.) ("*Di Bernardo* action")). Mr. Davis further asserts counsel for Pensionlabs and Holman in this action represents Pensionlabs and Holman in the *Di Bernardo* action. (Doc. 20 at 2). On August 29 and September 26, 2023, Mr. Davis emailed counsel for Pensionlabs and Holman a copy of the summons and complaint in this case in an email related to the *Di Bernardo* action. *See* (Doc. 20-1 at 2, 6-9). On September 28, 2023, Lafayette accepted service of the complaint by notice of receipt. (Doc. 1 at 2). Thereafter, Lafayette removed this action to this Court on October 20, 2023. *Id*.

On October 26, 2023, Plaintiff filed an executed proof of service of summons as to Pensionlabs and Holman. (Docs. 5-6). Pensionlabs and Holman's counsel Chad Weaver ("Mr. Weaver") notes he failed to file an answer on behalf of Pensionlabs and Holman. (Doc. 18 at 10). Mr. Weaver claims he "expected to receive a calendar reminder of the deadline to file a response through our firm software, appropriately called Deadlines, and did not." *Id*. On November 29, 2023, Plaintiff requested entry of defaults as to Pensionlabs and Holman. (Docs. 11-12). That same day, the Clerk of Court entered defaults as to Pensionlabs and Holman. (Docs. 15-16).

Mr. Weaver states he had exchanged emails with Mr. Davis but "Davis did not advise me that the responsive pleadings were overdue and proceeded directly to taking defaults." (Doc. 18 at 10). Mr. Weaver asserts he learned of the defaults on the day they were taken, November 29. 2023, and reached out to William C. Saacke ("Mr. Saacke"), another attorney for Pensionlabs and Holman. *Id*. From November 29 through December 5, 2023, Mr. Saacke emailed and called Mr. Davis asking that he stipulate to vacate the defaults. *Id*. at 12-13. Plaintiff declined to stipulate to vacate the defaults. *Id*. at 4. On December 6, 2023, Pensionlabs and Holman filed the instant motion. (Doc. 18).

**Legal Standard**

As a general rule, "default judgments are ordinarily disfavored," as "[c]ases should be decided upon their merits whenever reasonably possible." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 20160 (quoting *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)); *In re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991). Rather, "[w]here timely relief is sought from a default…and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits." *Mendoza v. Wight Vineyard Mgmt*., 783 F.2d 941, 945-46 (9th Cir. 1986) (quoting *Schwab v. Bullock's,* 508 F.2d 353, 355 (9th Cir. 1974) (internal quotations and citation omitted)).

Once default has been entered against a defendant, the Court may, "[f]or good cause shown…set aside an entry of default…". Fed. R. Civ. P. 55(c). "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than default judgment." *O'Connor v. State of Nevada*, 27 F.3d 357, 364 (9th Cir. 1994) (quoting *Mendoza*, 783 F.2d at 945); *see Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000). In determining if good cause exists to set aside the default, "the court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal punctuation and citations omitted). A finding that any of these factors is true is sufficient reason for a court to refuse to set aside the entry of default.

*Id*. The test is the same for setting aside entry of default and default judgment under Rule 55 or 60; however, when a party is seeking relief from default prior to the entry of default judgment, the test is more liberally applied. *Id*. at 1091 n.1.

**Discussion**

1. Culpable Conduct

Culpable conduct occurs when a defendant receives actual or constructive notice that the action was filed and intentionally fails to answer. *Id*. at 1092. Conduct is found to be culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id*. (quoting *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696-97 (9th Cir. 2001)). "[S]imple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default." *Id*.

Plaintiff argues that Pensionlabs and Holman were represented by the same counsel in the *Di Bernardo* action and would have received notice of this lawsuit through email. (Doc. 20 at 4) (citing *Richmark Corp. v. Timber Falling Consultants, Inc.*, 937 F.2d 1444, 1449 (9th Cir. 1991)). Plaintiff asserts that, despite this notice, Pensionlabs, and Holman "refused to accept service of the lawsuit forcing Plaintiff to personally serve them and consented to removal of the action." [*sic*] (Doc. 20 at 4). Plaintiff asserts "[t]he only interpretation is that Pensionlabs and Holman intentionally refused to respond to the complaint until they received notice of the defaults." *Id*. The Court disagrees.

There is no evidence that Pensionlabs and Holman's conduct was culpable. Mr. Weaver indicated the failure to respond was because his "firm software" did not remind him of the deadline. (Doc. 18 at 10). Thereafter, Pensionlabs and Holman attempted to vacate the default and file an answer to Plaintiff's complaint for several days after their answer was due. *Id*. at 10-14. Thus, nothing about Pensionlabs and Holman's conduct in this case suggests there "is no explanation of the default inconsistent with a devious, deliberate, willful or bad faith failure to respond." *Mesle*, 615 F.3d at 1092. Instead, the Court finds Pensionlabs and Holman have sufficiently established a reasonable explanation for the default. Furthermore, Pensionlabs and

Holman in good faith moved to have the default set aside within days of discovering the existence of the default.

For the foregoing reasons, the Court finds Pensionlabs and Holman's failure to file an answer to the complaint in this action was not "culpable conduct."

2. Meritorious Defense

In order to have an entry of default set aside, a defendant must also present specific facts that would constitute a meritorious defense. *TCI Group Life Ins. Plan*, 244 F.3d at 700. However, the burden on defendant is not extraordinarily heavy. *Id*. Indeed, a defense is considered meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Haw v. Carpenters' Tr. Funds v. Stone*, 794 F.3d 508, 513 (9th Cir. 1986). Pensionlabs and Holman denies Plaintiff's claim they breached the operative contract between them. (Doc. 18 at 7). Pensionlabs and Holman argue Plaintiff has failed to identify a single provision of the contract that was breached. *Id*. Next, Pensionlabs and Holman deny they were negligent, committed negligent misrepresentations, or violated California's Business and Professions Code and ask they be permitted the opportunity to present a defense. *Id*. Pensionlabs and Holman also contend that Plaintiff's causes of actions are barred by the applicable statute of limitations. *Id*. at 7-8.

The Court notes Plaintiff's untimely opposition is silent with respect to Pensionlabs and Holman's arguments on this matter. *See generally* (Doc. 20). Plaintiff thus concedes these arguments by failing to address them in opposition. *Tatum v. Schwartz*, No. Civ. S-06-01440 DFL EFB, 2007 WL 419463, at *3 (E.D. Cal. Feb. 2007) ("[Plaintiff] tacitly concedes this claim by failing to address defendants' argument in her opposition."); *see Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 (N.D. Cal. 2013) (deeming argument conceded where plaintiff failed to address it in opposition); *Adams v. Starbucks Corp.*, No. SACV 20-00225 JVS(KESx), 2020 WL 4196248, at *6 (C.D. Cal. Jul. 9, 2020) (same). Accordingly, based on the argument presented by Pensionlabs and Holman, the Court finds that Pensionlabs and Holman may be able to present a meritorious defense against Plaintiff's claims. *See generally* (Doc. 18-5).

3. Prejudice to Plaintiff

"To be prejudicial, the setting aside of an entry of default must result in greater harm than simply delaying the resolution of the case." *TCI Group Life Ins. Plan*, 244 F.3d at 701 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)); *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996). "Merely being forced to litigate on the merits cannot be considered prejudicial for purposes" of setting aside the default. *Id*. Rather, the standard is "whether [a plaintiff's] ability to pursue his claim will be hindered." *Falk*, 739 F.2d at 463; *see Thompson*, 95 F.3d at 433-34 (to be considered prejudicial, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion").

Here, Plaintiff has failed to demonstrate any prejudice if the entry of default is set aside. Pensionlabs and Holman were purportedly served on September 27, 2023. (Docs. 5-6). Plaintiff has not filed a motion for default judgment and Pensionlabs and Holman filed this motion days after the entry of defaults were entered. Thus, no substantial amount of time has lapsed since Pensionlabs and Holman were served at the time of filing this motion. The Court does not find that such a delay will increase the likelihood that witnesses' memories have faded, that pertinent records have disappeared or been destroyed, or other "tangible harm" indicative of prejudice. *Cf. Thompson*, 95 F.3d at 433-34. Instead, the Court finds that setting aside the defaults in this case will merely reestablish the parties' positions as they were prior to Defendant's failure to respond. *TCI Group Life Ins. Plan*, 244 F.3d at 701. The Court therefore finds any prejudice Plaintiff would suffer from this slight delay would be outweighed by the other factors and the preferred policy that cases be decided on the merits.

**Conclusion and Recommendation**

For the reasons set forth above, IT IS HEREBY RECOMMENDED that Defendant's motion to set aside entry of default (Doc. 18) be GRANTED and that the entries of default (Docs. 15-16) be VACATED.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The

6

document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991))

In the event these Findings and Recommendations are adopted in full, Defendants SHALL REPY to Plaintiff's complaint within fifteen (15) days of entry of the assigned district judge's order.

The scheduling conference set for January 16, 2024 (Doc. 4) is HEREBY VACATED, to be reset as appropriate following the assigned district judge's order on these Findings and Recommendations.

IT IS SO ORDERED.

Dated:   **January 8, 2024**                                  _____
                                                                                   UNITED STATES MAGISTRATE JUDGE